**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1799
_____

JENIFFER BRIGHT,
                                        Appellant

v.

LABCORP; GUARANG PATEL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:12-cv-02359)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2015

Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed September 21, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jeniffer Bright appeals pro se from the District Court's order granting summary judgment against her in this employment discrimination action. For the reasons that follow, we will affirm the District Court's judgment.

I.

Bright was an employee of Laboratory Corporation of America Holdings ("LabCorp") from May 17, 2004, until her termination on November 15, 2011. "As a LabCorp 'accessioner,' [Bright] processed and coded medical specimens and entered relevant information into a computer database. A 'group lead' handed out assignments and made sure that work was completed." (Suppl. App. at 1-2 (citation omitted).)

In January 2011, Bright "received a written warning from LabCorp for 'continuing workplace disruptions' based on two internal complaints against her from two different co-workers. The warning provided that '[a]ny subsequent work place disruption will result in additional disciplinary action, including termination.'" (Id. at 2 (citation omitted).)

According to Bright, on October 26, 2011, her "group lead," Guarang Patel, grabbed her arm very hard while he was talking to her. Bright reported this alleged incident to her supervisor, an assistant vice president, and LabCorp's Compliance Action Line. LabCorp investigated the report and ultimately issued a verbal warning to Patel. During that investigation, Patel and others indicated that Bright had been refusing work assignments. After the investigation, LabCorp terminated Bright's employment.

2

Bright subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Bright, who is black, alleged that the "physical harassment" she suffered, as well as her termination, were the product of racial discrimination and unlawful retaliation. (Suppl. App. at 38.) The EEOC ultimately dismissed that charge, stating that the agency's investigation was "unable to conclude that the information obtained establishes violations of the statutes." (Id. at 41.)

After obtaining a right-to-sue letter from the EEOC, Bright filed a pro se complaint in the District Court against LabCorp and Patel, essentially reiterating the allegations from her EEOC charge. In March 2013, the District Court granted Patel's motion to dismiss the claims against him, explaining that individual employees cannot be held liable under Title VII. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc).[1]

Bright's case then proceeded to the discovery phase, after which LabCorp moved for summary judgment. In her opposition to LabCorp's motion, Bright alleged facts in addition to the arm-grabbing incident involving Patel. She claimed that her LabCorp co-workers subjected her to "an extended list of . . . childish and juvenile antics," including the following:

> co-workers would take my work and switch the paperwork
> and specimens so I would make mistakes; my group lead
> would make sure that I did not get work or take it from me to

---

[1] Bright does not challenge that decision in this appeal.

3

> give to someone else so that I would not reach my quota; my chair wood [sic] be hidden from me, my computer unplugged, [and] my supplies taken from my desk when I stepped away from it.

(Suppl. App. at 3 (quoting Bright's Opp'n to Summ. J. Mot.).) Bright also alleged that Patel screamed at her like a child. According to Bright, she complained about these various incidents to her superiors, but these complaints were ignored because of her race. Bright believes that the short amount of time between her complaint about the arm-grabbing incident and her subsequent termination strongly indicates retaliation on the part of LabCorp.

On November 30, 2014, the District Court granted LabCorp's motion. The District Court construed Bright's complaint as raising two claims under Title VII — one alleging a hostile work environment and the other alleging retaliation — and concluded that both lacked merit. This timely appeal followed.[2]

## II.

We have jurisdiction over Bright's appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard as the district court." S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] The District Court granted Bright's timely motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5), and Bright filed her notice of appeal within the time required by that rule.

matter of law." Fed. R. Civ. P. 56(a). Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015).

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prevail on a hostile work environment claim under Title VII, a plaintiff must establish the following: "1) [she] suffered intentional discrimination [based on a protected ground], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected [her], 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." Mandel v. M&Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013). Here, the District Court concluded that Bright's hostile work environment claim failed as a matter of law because she did not identify facts demonstrating that she suffered discrimination on the basis of a protected ground. Although Bright's complaint alleged that the discrimination against her was race-based, the District Court emphasized that she "testified at her deposition that the treatment she received from Patel and her other co-workers had nothing to do with race." (Suppl. App. at 5.) The District Court explained

5

that "[t]his was not a one-time acknowledgment," as "[n]umerous deposition exchanges addressed this issue." (Id.)

On appeal, Bright repeatedly states that this lawsuit is not race-based, and claims that Patel's "motivations are irrelevant to my claim as my grievance deals with the assault directly, not the motivation behind it. Anything that is assumed to have a racial basis in my claim would have simply been taken out of context." (Bright's Opening Br. 6-7.) Furthermore, Bright does not allege facts demonstrating that the claimed discrimination was based on a protected ground other than race. Accordingly, we agree with the District Court's decision to grant summary judgment in favor of LabCorp on Bright's hostile work environment claim.

We now turn to Bright's retaliation claim. "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." EEOC v. Allstate Ins. Co., 778 F.3d 444, 449 (3d Cir. 2015) (internal quotation marks omitted). If the plaintiff makes this showing,

> the burden of production of evidence shifts to the employer to present a legitimate, non-retaliatory reason for having taken the adverse action. If the employer advances such a reason, the burden shifts back to the plaintiff to demonstrate that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.

6

Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015) (internal quotation marks and citation omitted).

Assuming for the sake of argument that Bright has made a prima facie showing of retaliation, her claim nevertheless fails and we need not disturb the District Court's decision to grant summary judgment against her. LabCorp proffered a legitimate, non-retaliatory explanation for terminating her employment. Specifically, less than a year after Bright received a written warning for "continuing workplace disruptions," her co-workers informed LabCorp that she was refusing work assignments. We agree with the District Court that Bright "failed to present evidence from which a trier of fact could find that [LabCorp's] alleged non-discriminatory reasons were pretextual." (Suppl. App. at 9.) Although Bright was terminated shortly after she complained about the incident involving Patel, it was during the investigation of that very complaint that LabCorp was informed that she had been refusing work assignments. Accordingly, the timeline of events, standing alone, would not cause a reasonable factfinder to conclude that LabCorp's non-retaliatory basis for terminating Bright was merely pretextual. See Burton v. Teleflex Inc., 707 F.3d 417, 427 (3d Cir. 2013) ("The plaintiff's evidence, if it relates to the credibility of the employer's proffered justification, must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence.") (internal quotation marks omitted).

In light of the above, we will affirm the District Court's judgment.